JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS MERCADO, | | Case No. 2:22-01285 MEMF (ADS) |
| | Petitioner, | |
| | v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| BIRKHOLZ, | | |
| | Respondent. | |

I.  **INTRODUCTION**

Before the Court is a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") under 28 U.S.C. § 2241 filed by Petitioner Carlos Mercado ("Petitioner"). (Dkt. No. 1.) On October 26, 2022, the Court issued an Order Regarding Screening of Petition ("OSP") because 28 U.S.C. § 2241 and the savings clause in 28 U.S.C. § 2255 do not appear to apply, Ground Three is vague and ambiguous, and the Petition appears to be untimely. (Dkt. No. 6.) Petitioner did not file a response to the OSP by the November 16, 2022. deadline. (Id.) As a result, on December 2, 2022, the Court issued an Order to Show Cause ("OSC"), ordering Petitioner to show cause by

December 16, 2022 why this action should not be dismissed for failure to prosecute. (Dkt. No. 7.) As of the date of this Order, Petitioner has not filed a response to either the OSP or the OSC, or otherwise communicated with the Court.

II. **FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

Petitioner has failed to prosecute this habeas petition and comply with court orders. Petitioner did not respond to two court orders. Both the OSP and the OSC expressly cautioned Petitioner that failure to respond would result in a recommendation that the action be dismissed for lack of prosecution and failure to obey court orders pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. Nos. 6, 7.)

Petitioner's repeated failure to respond despite court orders to do so reflects a lack of prosecution of the case. In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's orders warrant dismissal. The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive. The third factor—risk of prejudice to Respondent— also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc.,

542 F.2d 522, 524 (9th Cir. 1976) (stating that the "law presumes injury from unreasonable delay"). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal.

Finally, Petitioner has already been cautioned of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed. Petitioner has been afforded the opportunity to do so yet has not responded. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b).

### III.  **PETITIONER IS NOT ENTITLED TO RELIEF BECAUSE THE PETITION IS UNTIMELY**

The Court's OSP explained that although Petitioner purports to file a petition under 28 U.S.C. § 2241, it does not apply because Petitioner is challenging his sentence. (Dkt. No. 6 at 2-3.) The Court further determined that Section 2255's savings clause does not apply. (Id. at 3-4.) Thus, construing the Petition as a Section 2255 motion, a one-year statute of limitation applies. The limitation period begins to "run from the latest of" four specified dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Petition is untimely. The Petition indicates Petitioner was sentenced on June 11, 2014. (Dkt. No. 1 at 2.) The Petition also reveals that Petitioner may have filed a Section 2255 motion on October 7, 2016 in the Southern District of Texas. (Id.) However, since the instant Petition was filed on February 23, 2022, it is facially untimely.

Petitioner also has not alleged that an extraordinary circumstance prevented him from filing his federal habeas petition within the one-year statute of limitations. See Holland v. Florida, 560 U.S. 631, 649 (2010). He contends that a Section 2255 motion is inadequate or ineffective because "the information of the law was not discovered at the time of such petition until recently it has been found through doing research and due diligence." (Dkt. No. 1 at 5.) However, Petitioner does not identify which law he is referring to nor does he specify how he exercised due diligence. Without this information, it does not appear that equitable tolling is available to Petitioner. Accordingly, the Petition is untimely.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that this action be summarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  March 6, 2025

THE HONORABLE MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

Presented by:

  /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge